HAMILTON *et al.* v. STECK *et al.*

(*Supreme Court, Special Term, New York County.* March 11, 1889.)

1. ATTACHMENT—AFFIDAVIT—AGENTS.

An affidavit for an attachment, made by plaintiffs' agent, which alleges that affiant is in charge of plaintiffs' office, where the sale was made, and manages their business there; that he sold defendant the goods for which the action was brought, and represented plaintiffs in the transaction,—sufficiently shows affiant's means of knowledge.

2. SAME—SALE—DELIVERY.

An affidavit for an attachment, in an action for goods sold, which avers a sale, is sufficient, without averring a delivery of the goods.

At chambers. Motion to vacate an attachment.

Action by Ralph S. Hamilton and Ralph S. Hamilton, Jr., against Frederick D. Steck, William H. Payne, and George Brown, (George Brown was a fictitious name, the defendant's name being unknown.) The plaintiffs having obtained a warrant of attachment against some of the property of William H. Payne, on the ground that he was a non-resident, Robert B. Holden and Charles I. Gardiner, who had previously recovered a judgment in the city

court of New York against these same defendants, made a motion to vacate this prior attachment on the ground of the insufficiency of the papers on which it had issued, as there was not enough property to satisfy his judgment after Hamilton's claim was satisfied. The affidavit for attachment was as follows: "Frank L. Adams, being duly sworn, says: I am the agent and manager of the plaintiffs in the city of New York. The plaintiffs are manufacturers and dealers in jewelry, and their principal place of business and residence is in the city of Providence, in the state of Rhode Island. I am in charge of the plaintiffs' office, in the city of New York, and manage their business there. I represented the plaintiffs in the transactions set forth hereinafter, and sold to the defendants the merchandise as hereinafter alleged, and to recover the price of which this action is brought. I am acquainted with all the dealings and transactions between the plaintiffs and the defendants, by reason of my relations to the plaintiffs as above alleged. The plaintiffs have had no other dealings with the defendants excepting the one hereinafter set forth. The plaintiffs are now absent from the city and state of New York. I am informed by them that they have had no dealings with the defendants, excepting through me, as their agent. That the plaintiffs are entitled to recover from the defendants the sum of nine hundred and eight 92-100 dollars, with interest from the 29th day of December, 1887, over and above all counter-claims known to the plaintiffs or to me, upon one of the causes of action mentioned in section 635 of the Code of Civil Procedure, and particularly set forth hereinafter. That the said cause of action arises on the following facts: That between the 16th day of June, 1887, and the 21st day of November, 1887, the plaintiffs, as copartners, sold and delivered to the defendants, as copartners, under the firm name of Payne, Steck & Co., at their request, merchandise at the agreed price of $908.92, no part of which has been paid. That the defendant William H. Payne is not a resident of the state of New York, and he resides in the state of New Jersey, at Brick Church, Essex county. That the plaintiffs are about to commence an action against the defendants for the cause above stated, by issuing the summons hereto annexed, and no previous application for an attachment has been made herein."

*Charles H. Machin*, for plaintiff. *Franklin Bien*, for defendant.

LAWRENCE, J. The affiant made the sale under which the alleged indebtedness arose, and had personal knowledge thereof. In that respect the case differs from the cases cited by the counsel for the execution creditor. The criticism that the affiant, while swearing to a sale, does not state in his affidavit that the goods were delivered, I do not regard as of force. In ordinary parlance, when we speak of a "sale of goods," the term imports a delivery; and it seems to me that it would be sacrificing substance to form to hold the affidavit in this case insufficient on the ground that no delivery of the goods sold was averred. I think, also, that it appears from the affidavit of Adams that his position was such that knowledge as to the condition of the accounts between the plaintiffs and defendants would be implied. He was not, as in the case of *Watch Co.* v. *Payne, ante,* 68, the secretary of the plaintiff, whose position would not naturally be one likely to put the affiant in possession of knowledge of the accounts between the parties, but he was the agent and manager of the plaintiffs in the city of New York, having charge of their business there and managing it, and, as the affidavit states, represented the plaintiffs in the transactions referred to therein. The case, therefore, comes within the class referred to in *Buhl* v. *Ball,* 41 Hun, 65, by BRADLEY, J., who in delivering the opinion of the court says: "When the relation of the agent making the affidavit appears to have been such as to enable him to have the requisite knowledge to state a fact, his affirmation of it may be taken as proof upon which the officer granting the warrant of attachment may judicially act, and it will support it." The motion to vacate the attachment will therefore be denied, with costs.